The Honorable Chris Thyer State Representative P.0. Box 1423 Jonesboro, AR 72403-1423
Dear Representative Thyer:
I am writing in response to your request for an opinion on the following question:
 In light of Arkansas Code Annotated Section 21-1-207 and/or any other pertinent Arkansas law, must an employee of a first class city, in particular a police officer, take a leave of absence from his employment with the city in order to run for a city-wide elective office such as mayor?
RESPONSE
The answer to this question is, generally, "no." The Arkansas Code section you have cited, A.C.A. § 21-1-207, provides:
 Notwithstanding any law to the contrary, no employee of the state, a county, a municipality, a school district, or any other political subdivision of this state shall be deprived of his or her right to run as a candidate for an elective office or to express his or her opinion as a citizen on political subjects; unless as necessary to meet the requirements of federal law[1] as pertains to employees.
A.C.A. § 21-1-207 (Supp. 2001).
This statute thus protects the right to be a candidate for public office. And I have found no general requirement that a municipal employee must take a leave of absence in order to run for elective office.
It should perhaps be noted that your question, and hence my response, addresses state law only. You have provided no information regarding the existence of any relevant local leave policies. The possible existence of a local policy should be noted, however, particularly in light of A.C.A. § 14-51-303 (Repl. 1998), which requires the civil service commissions of cities of the first and second class to promulgate rules and regulations governing the political activities of police and fire department personnel.[2] Clearly, a policy that purported to prohibit the candidacy of employees for elective office would be contrary to A.C.A. § 21-1-207, and therefore unenforceable. See generally Ark. Const. art. 12, § 4 ("No municipal corporation shall be authorized to pass any law contrary to the general laws of the state. . . .") Whether any other restrictions may be placed upon employees seeking public office, however, is a question that could only be definitively answered following a review of the specific restriction under the particular facts and circumstances. Accord Op. Att'y Gen. 99-155.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] The federal "Hatch Act" is sometimes implicated in this regard. That Act, which is codified as 5 U.S.C.A. § 1501 et seq., provides that a state or local officer or employee covered by the act may not be a candidate for elective office. 5 U.S.C.A. § 1502 (a) (3); see also Op. Att'y Gen. 96-075. The act applies to individuals whose principal employment by a state or local agency is in connection with an activity that is financed in whole or in part by loans or grants made by the United States or a federal agency. 5 U.S.C.A. § 1501(4). Non-partisan races and candidates for those races are exempted from the Hatch Act.5 U.S.C.A. § 1503.
[2] Political activity by civil service employees was previously prohibited by A.C.A. §§ 14-49-306(b) and 14-50-306(b). As previously opined by this office, A.C.A. § 21-1-207 (enacted in 1997) had the effect of impliedly repealing those statutory prohibitions. See Op. Att'y Gen. Nos. 99-155 and 98-035.